# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **YEZENIA ALONSO,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CASE NO. 3:11-CV-01783-O** |
| | § | |
| **TEPA MAR TIERRA, INC., and SOFIA** | § | |
| **JACKSON,** | § | |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES
## AND COSTS PURSUANT TO 29 USC § 216(b)

---

COMES NOW Plaintiff, Yezenia Alonso ("Alonso" or "Plaintiff"), by and through the undersigned counsel, and hereby files Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. 216(b), and in support thereof states as follows:

1.      This is an action for overtime wages brought under the Fair Labor Standards Act 29 U.S.C. 201-216.

2.      On March 7, 2014, after denying the Defendants' post-trial motion for a judgment as a matter of law, the Court entered Judgment in favor of Alonso against Tepa Mar Tierra, Inc., and Sofia Jackson (collectively "Defendants") jointly and severally. (**D.E. 122**).   The Court awarded Alonso her costs of court as calculated by the clerk of the court, damages in the principal sum of $33,945.60 and liquidated damages in the sum of $33,945.60. The Court also ordered that Plaintiff shall recover attorney's fees and expenses in the sum that the Court awards by separate ruling on timely application made no later than 30 days after the date of the judgment.

---

See (**DE 117**). Plaintiff files this Motion pursuant to the Court's Order for recovery of his attorney's fees, costs and expenses incurred in this cause.

BASIS OF THE AWARD

3.        A prevailing Plaintiff is a "party in whose favor judgment is rendered, ***regardless of the amount of damages awarded***." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001)(emphasis added). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the Defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d. 1162 (S.D. Fla. 2003).  Pursuant to 29 USC 216(b), having prevailed on their overtime wage claims, the Plaintiffs are entitled to recover reasonable attorney fees and costs from the Defendant, as 29 U.S.C. 216(b) makes the award of fees and costs to prevailing Plaintiffs mandatory.[1]

4.        The attorney's fees claimed by Plaintiffs are detailed in the Ledger attached as **Exhibits A and B**.[2]  Plaintiffs' costs incurred in this case are detailed in the Bill of Costs, Plaintiffs' Itemization and Documentation for Bill of Costs and other supporting documents attached as **Exhibit C**. Plaintiff claims fees in the amount of $ 96,915.500 and costs and expenses in the amount of $12,240.10.

5.

ATTORNEY'S FEES

6.        The attorney's fees sought is this case are based on 307.77 hours of work done by the following attorneys and legal assistant:

[1] "[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).
[2] **Exhibit B** is the affidavit of Rosa Owens, the firm's legal assistant, and the attached ledger reflecting her work on this case.

| Attorney | Initials On Billing Records | Hourly Rates | Total Hours Worked On The Case | Total Fees: |
|---|---|---|---|---|
| J.H. Zidell, Esq. | JZ | $350/hr. | 94.30 | **$33,005.00** |
| Robert Manteuffel, Esq. | RM | $350/hr. | 169.27 | **$59,402.00** |
| Daniel Feld, Esq. | DF | $250/hr. | 1.2 | **$300** |
| Karl David Kelly, Esq. | KDK[3] | $300/hr. | 1.3 | **$422.50** |
| Jack Siegel, Esq. | CC[4] | $200/hr. | 1.0 | **$200.00** |
| Rosa Owens Legal Assistant | RO | $ 90/hr. | 40.25 | **$3,622.50** |

7.      The Court's own expertise is utilized to establish a reasonable fee and cost award in this case**.** *Norman v. Housing Auth. Of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The determination of reasonable attorneys' fees is left to the sound discretion of the trial court. See *Weeks v. Southern Bell Telephone and Telegraph Co.*, 467 F.2d 95, 97 (5th Cir. 1972), and cases cited therein. No expert opinion evidence is required on the issue. See *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1300 (5th Cir. 1977). Courts use the "lodestar method" to assess attorneys' fees in FLSA suits. *Saizan v. Delta Concrete Prods., Co.,* 448 F.3d 795, 799 (5th Cir.2006).[5] The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorney. *Id.* The

---

[3] Although the rate for Mr. Kelly is $325.00 on the ledger the firm is only claiming $300.00 per hour in this particular matter due to his limited involvement.
[4] "CC" reflects Mr. Siegel where annotated other "CC" entries reflect work done by Niki Zhou and Steven Levesque who were attorneys licensed in Texas, and new to the firm when their work done. The tasks that they performed were in the nature of those performed by paralegals or legal assistants and the firm is not charging for their time in this matter.
[5] In the end, the test is whether or not "the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).

lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.*

8.     The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors set out attorneys' qualifications and skill. See *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974), may be considered. *Hilton v. Exec. Self Storage Assoc.,* 2009 WL 175012 *8 (S.D. Texas 2009).[6]

9.     After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. *Id.*

10.     The most important factor to consider is the degree of success obtained. *Hilton,* at *8. In this case, Plaintiff recovered her damages claimed in her Amended Complaint[7] and liquidated damages as well.  Further, even if the claimed fees are not proportional to the amount recovered for Plaintiff, the fee award need not be precisely proportionate to the result obtained. See *Saizan*, 448 F.3d at 802-03 & n. 42.  And this argument should have no bearing on the fees awarded to Plaintiffs for this case.[8]

11.     Moreover, while a court may consider the amount of damages recovered in awarding attorney's fees, it should also be mindful that to reduce a fee on this basis may "prevent

---

[6] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the   professional relationship with the client; and (12) awards in similar cases.

[7] See **Exhibit D**.

[8] See *Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *Rivera*, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'"). "Given the nature of claims under The FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Powell v. Carey Int'l., Inc.,* 547 F.Supp.2d 1281, 1286 (S.D.Fla.2008)

individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." *Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972).

12.     This is a classic case wherein "[t]he [defendant] cannot litigate tenaciously[9] and then be heard to complain about the time necessarily spent by the plaintiff in response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003)  (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986)).   Furthermore, Plaintiff and many of the witnesses do not speak the English language, which required that more time be spent in any activity or task requiring communication, e.g. trial, depositions and client conferences.  In addition Defendants refused to engage in meaningful settlement negotiations or offer anything more than nuisance value prior to trial.

13.     The attorneys that performed work on this case are listed by their initials on the fee ledger attached hereto at **Exhibit A**. "JZ" refers to J.H. Zidell, Esq. and "RM" refers to the undersigned Robert L. Manteuffel.  The hourly rates claimed for these attorneys are $350/hr. for J.H. Zidell, Esq. and $350.00/hr. for Robert L. Manteuffel.  "DF" refers to Daniel Feld, Esq; the hourly rate claimed for him is $250.00/hr.   "DF" refers to Daniel Feld, Esq; the hourly rate claimed for him is $250.00/hr.  "KDK" refers to Karl David Kelly, Esq; the hourly rate claimed for him is $300.00/hr. "CC" where so annotated refers to Jack Siegel, Esq.; the hourly rate claimed for him is $200.00/hr.

14.     The rates charged have been found to be reasonable in this district. In *Arriaga v. Califco, LLC, et al.,* Case No. 3:12-CV-0094-D, Chief Judge Fitzwater awarded both Robert L.

---

[9] Defendants contested every essential part of this case from its inception and would not even agree that the Mexican food products the Defendants sold to its customers originated outside the State of Texas. Plaintiff had to bring several products to trial and introduced their labels, and the testimony of Plaintiff, to establish the products' origin(s).

Manteuffel and J.H. Zidell, Esq. their attorney's fees at $350/hr. See **Exhibit E**.[10]  Similarly, in *Martinez et al v. Maristan d/b/a Lumar Co.*, Case No. 3:13-cv-00455-K, Judge Kinkeade awarded both Robert L. Manteuffel and J.H. Zidell, Esq. rates of $350.00/hr. See **Exhibit G.** Further, in *Mendoza v. Valrom Enterprises, Inc. et al*, Case No. 3:10-CV-2629-P, Judge Solis awarded Robert L. Manteuffel $350.00/hr. and J.H. Zidell $325/hr.[11] in final default judgment. See **Exhibit H**. In *Madriz et al v. Wright Tree Service Inc. et al*, Case No. 3:11-CV-0251-N, Judge Godbey awarded plaintiffs' attorney's fees at $325/hr. for J.H. Zidell, Esq.[12] and $350.00/hr. for Robert L. Manteuffel as well as $300.hr. for Karl David Kelly and $200/hr. for Jack Siegel. See **Exhibit I**. And, finally, in *Erwin Carias v. KAM Restaurants Inc.,* Case No. 3:10-CV-01899-P,  Judge  Solis awarded  J.H. Zidell $325/hr. and Karl David Kelly $300/hr. by granting the plaintiff's full fee and costs request in default judgment.[13]  See **Exhibit J**. Therefore, the total fee that J.H. Zidell P.C. requests, $96,915.50, is an amount buttressed by analysis of the *Johnson* factors, as follows:

---

[10] Judge Fitzwater also determined that the rate of $90 per hour is reasonable for work done by a legal assistant in this District, which provides support for the rate of $90.00 charged for the work of Ms. Owens in this case.   In *Hernandez  v.  Aleman Construction Inc. et al*, Case No. 3:10-cv-2229-BD, Magistrate Horan  awarded Robert L. Manteuffel and J.H. Zidell, Esq. their attorney's fees at $350/hr . See **Exhibit F**.  Magistrate Horan also determined that $100/hr. is a reasonable rate for paralegals which supports the rates charged by Ms. Owens. *Id.*at p.10. Magistrate Horan further determined that the $250/hr. rate for the work done by Daniel Feld was reasonable as it was below the median rate of $275/hr.  This also provides support for the $200/hr. rate for the work done by Jack Siegel.

[11] For the cases cited herein from the Northern District of Texas wherein J.H. Zidell Esq. was awarded $325 per hour, this was the hourly rate that was requested in those cases. The $350/hr. rate requested herein is based on J.H. Zidell's qualifications to receive that rate for FLSA cases. J.H. Zidell, Esq. has been licensed by the Florida Bar since 1994; 11th Circuit Court of Appeals since 1999; Texas Bar since 2010; and the 5th Circuit Court of Appeals since 2012. J.H. Zidell, through J.H. Zidell PA in Miami Beach, Florida and J.H. Zidell P.C. in Dallas, has litigated well over 1600 FLSA cases to date and has focused almost exclusively on Plaintiff's FLSA litigation for several years. For the past several years, approximately 95% of the Florida Office has been and is dedicated to Plaintiffs' FLSA litigation while 100% of the cases handled by the Dallas Office are and have been FLSA and wage related cases for Plaintiffs only.

[12] Which was the rate claimed in that case for J.H. Zidell.

[13] On numerous occasions, J.H. Zidell has been awarded recovery of fees at the rate of $325/hr. and Karl David Kelly at he rate of $300/hr. by Federal Courts in Florida as well.  See *Reis v. Thierry's Inc et al.,* Case No.: 1:08-cv-20992-WCT , Order (DE 110 at p.3) (S.D. Fla. Mar.25, 2010)  attached as **Exhibit K**; *Arias v. Alpine Towing, Inc. et al,* Case No.: 1:10-cv-20434-JJO, Order (DE 164 at pp. 7-8, citing *Silva v. Miller*, 547 F. Supp. 2d 1299 (S.D. Fla. 2008)) (S.D. Fla. Sep. 15, 2011) attached as **Exhibit L**; *Rodriguez v. Super Shine and Detailing, Inc. et al,* Case No.: 1:09-cv-23051-AMS, Order (DE 167 at pp. 6-7) (S.D. Fla. Jun. 11, 2012) attached as **Exhibit M**; Roldan v. *Davis Bancorp, Inc.,* 1:11-cv-20275-RNS, Order (DE 158 at p. 5) (S.D. Fla. Dec. 10, 2012) attached as **Exhibit N**.

**(1)**     Time and Labor Required: Litigating this case required significant time and labor. Defendants produced numerous documents and engaged in extensive motion practice that increased the time spent by Plaintiff's counsel.  As set out above, the case involved extensive use of translation during all phases of the litigation, which also increased the time required. Finally, the case was hotly contested before trial.

**(2)**     The novelty and difficulty of the questions: While the issue of overtime is not ordinarily a novel or complex issue, this case was complex due to the language barrier and large number of records that required detailed analysis before trial.

**(3)**     The skill required to perform the legal services properly: The litigation of this case required a high level of skill to prosecute this case properly, Defendants motion practice and the difficulties associated with trying a case through translators.

**(4)**     The preclusion of other employment by the attorney due to acceptance of the case: While taking on this case did not prohibit Plaintiff's Counsel from taking on other cases, it did prohibit Plaintiff's Counsel from working on other pending matters, as this case required a great concentration of time and effort to succeed at trial.

**(5)**     Customary fee in the community: As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

**(6)**     The fee is fixed or contingent: The fee arrangement in the case at hand was contingent, demonstrating the risk associated with the taking of said case by Plaintiff's Counsel.

**(7)**     Time limitations imposed by the client or circumstances: While there were no time limitations imposed by the clients, the Court imposed time limitations for litigating this case (i.e. deadline to amend pleadings, deadline for discovery etc.). Therefore, Plaintiff's Counsel were required to perform said work within the deadlines imposed by the Court.

(8)     The amount involved and the results obtained: Plaintiff recovered $ 33,945.60 and

liquidated damages in an equal amount. This is a significant amount especially for one who

was paid approximately $8.75/hr. for her work. Ordinarily, the amount recovered has no

bearing on the fees awarded to a Plaintiff in a case of this type.[14] Although a court may

consider the amount of damages recovered in awarding attorney's fees, it should also be

mindful that to reduce a fee on this basis may "prevent individuals with relatively small

claims from effectively enforcing their rights and protecting the interest of the public."

*Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-229 (7th Cir. 1972).   Nevertheless, the

results obtained were quite good as Plaintiff recovered, after liquidated damages, a

significant amount in light of the fact that she is an hourly worker who customarily earned

approximately $8.75/hr.   Moreover Defendants declined to engage in meaningful settlement

negotiations such that Plaintiff was required to incur significant fees and expenses in

preparation for trial. This is a classic case wherein "[t]he [defendant] cannot litigate

tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in

response." *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003)  (quoting

*City of Riverside v. Rivera*, 477 U.S. 561, 580-581, n. 11, 106 S. Ct. 2686, 91 L. Ed. 2d 466

(1986)).

(9)     The experience, reputation, and ability of the attorneys: J.H. Zidell was the lead attorney

on the case and successfully tried this case. J.H. Zidell has been an attorney in the state of

Florida since September 1994; S.D. Fla. since 1995; 11th Circuit Court of Appeals since

1999; in Texas (both State and N.D. Tex.) since 2010 and the 5th Circuit Court of Appeals

---

[14] See *Davis v. Locke,* 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting *Rivera,* 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" *Tyler v. Westway Auto. Serv. Ctr., Inc.,* Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

since 2013.  He has tried many FLSA cases.  Robert L. Manteuffel has been licensed to practice in the State of Texas since November, 1991, the Northern District of Texas since 1992 and the 5th Circuit Court of Appeals since 2013.   He has been a litigator for over twenty years with both first and second chair trial experience. He did the majority of the work on this case leading up to trial, to include motion practice, hearings and depositions. He served as second chair at the trial of this case.  Karl David Kelly has been admitted to practice in the State of Florida since October, 1997 and is admitted in the Northern District of Texas since October, 2010. Has first chaired and successfully tried several FLSA cases, attended numerous federal court hearings and written numerous successful motions including Motions for Summary Judgment.  He did some of the early work on the case and provided support with regard to the motion to dismiss filed by Defendants and admissibility of the Department of Labor report at trial. Daniel Feld has been licensed to practice in the State of Florida since May, 2007 and was admitted in the Northern District of Texas in June, 2010. He has been practicing Labor and Employment Law for the past 6 years, has second chaired several FLSA trials, attended numerous federal court hearings and written numerous successful motions including motions for summary judgment. He also did some of the initial work on the case. Jack Siegel has been licensed to practice in the State of Texas since November of 2009 and is admitted in the Northern District of Texas.  He also did some of the initial work on the case. Ms. Owens is the firm's legal assistant.  She has worked as a legal assistant in FLSA matters since 2010 and is fluent in Spanish.  The rates charged by these professionals are fair and reasonable as set out in Paragraph 13 above.

**(10)**   The "undesirability" of the case: This was an undesirable case as this was not a simple question of employee versus employer but involved numerous documents, and a client and

several witnesses who required translation. Further, Plaintiff cannot read or write English which made communication with counsel difficult and time intensive.

**(11)**   The nature and length of the professional relationship with the client: This was the only case that Plaintiff and counsel had together.

**(12)**   Awards in similar cases: As noted, in Paragraph 13 above, Plaintiff's counsel have been awarded similar rates in other cases.

## Costs

15.   Costs are claimed herein pursuant to Rule 54(d) and 28 USC 1920. The costs incurred are listed below and total $12,240.10. They are detailed in the Bill of Costs, Plaintiffs' Itemization and Documentation for Bill of Costs and other supporting documents attached as **Exhibit C**.

| |
|---|
| **Filing fees:** |
| *United States District Court*, Northern District of Texas, Dallas Division; Receipt #0539-4021617, Entered: July 25, 2011 - $350.00 |
| **Mediation:** |
| *Dispute Mediation Services* – DMS# 37001– Mediation, May 31, 2012 **-** $250.00 |
| **Depositions:** |
| *US Legal Support***:** |
|     Deposition of Sofia Jackson, Feb. 14, 2012, Inv.#91355148 - $1,033.13 |
|     Deposition of Graciela Bello, Nov. 14, 2012, Inv.#91369492 - $88.60 |
|     Deposition Transcript of  Graciela Bello, Oct. 18, 2013, Inv.#91386796, $505.85, |
|     Depositions of: Connie Cardiel, Saulo Gonzalez, Maria Becerra, and Ana Suarez; and Certificate of Non Appearance of Maria Becerra, December 20, 2012, Inv.#91371061 - $2,189.35 |
|     Deposition transcripts of Maria Becerra and Connie Cardiel, January 19, 2013, Inv.#91372081 - $2,767.70. |
| **Service of Process :** |
| *Special Delivery Service***:** |
|     Pick Up documents at 6310 LBJ Freeway, Suite 112, Dallas, TX - $9.21 |
|     Service of Process : Sofia Jackson - $146.48 |
|     Service of Process : Tepa Mar y Tierra - $47.25 |
| *KIVA Civil Process:* |
|     Service of Process , Graciela Bello, Subpoena for Deposition - $60.00 |

| Graciela Bello Witness Fee - $40.00 |
| Ana Suarez, Subpoena for Deposition - $60.00 |
| Ana Suarez Witness Fee - $40.00 |
| Maria Becerra, Subpoena for Deposition - $60.00 |
| Maria Becerra, Witness Fee - $40.00 |
| Connie Cardiel, Subpoena for Deposition - $60.00 |
| Connie Cardiel, Witness Fee - $40.00 |
| Service of Process, Yezenia Alonso, locate Plaintiff - $45.00 |
| Connie Cardiel, Subpoena for Deposition - $60.00 |
| Connie Cardiel, Witness Fee - $40.00 |
| Service of Process, Location of Plaintiff Yezenia Alonso - $60.00 |
| Service of Process , Graciela Bello, Subpoena for Trial (3 attempts at $60.00 each) - $180.00 |
| Service of Process : Nathan Castaneda, Subpoena for Trial (2 attempts $60.00 ea.) - $120.00 |
| Service of Process : Robert Ille, Subpoena for Trial (2 attempts $60.00 each) - $120.00 |
| Service of Process : Maria Becerra, Subpoena for Trial (2 attempts $60.00 each) - $120.00 |
| Service of Process : Ana Suarez, Subpoena for Trial - $60.00 |
| Service of Process : Maria Ramos Cardiel/ Subpoena for Trial - $60.00 |
| Service of Process :  Custodian of Records Little Tepa, Subpoena for Trial - $60.00 |
| Service of Process :  Custodian of Records Tepa Mar y Tierra Subpoena for Trial - $60.00 |
| Service of Process :  Custodian of Records Tequila's Private Club Subpoena for Trial - $60.00 |
| Service of Process :  Sofia Jackson Subpoena for Trial - $60.00 |
| Service of Process :  Elena Gomez, Subpoena for Trial - $60.00 |
| Service of Process :  Fernando Montes, Subpoena for Trial - $60.00 |
| Service of Process : Maria Cardiel, Subpoena for Trial (2 attempts $60.00 each) - $120.00 |
| Service of Process :  Corp. Rep. Confusion Asian Cuisine, Subpoena for Trial - $60.00 |
| Service of Process : Confusion Private Bar, Subpoena for Trial - $60.00 |
| Service of Process :  Fernando Montes Income Tax, Subpoena for Trial - $60.00 |
| Vikki Accord:  Waiting time to testify at Trial and Parking - $385.00 |
| Service of Process : Bertha I. Lucero, Subpoena for Trial - $60.00 |
| Service of Process :  Delivery of documents to Federal Court, Judge Reed O'Connor - $35.00 |
| Service of Process: Pick up Docs DOL Investigation (2 trips & waiting time at $35.00ea.) - $70.00 |
| **Interpreter Services:** |
| *Jackie Sandoval* – Spanish interpreter services at trial (Oct. 28 and Oct. 29, 2013; 11 hours at $115.00 per hour) - $1,265.00 |

| |
|---|
| *Interlink* – Margarita Martin Hidalgo - Interpreter's Cancellation Fee - $172.50. |
| *HG Litigation* - Cost of copies - $149.13 |
| **JH Zidell, P.C.:** |
| *Charge for photocopies* - $50.00 |
| *Witness Fees for Trial:* |
|     Robert Ille - $40.00 |
|     Maria Becerra - $40.00 |
|     Ana Suarez - $40.00 |
|     Custodian of Records Little Tepa, Inc. - $40.00 |
|     Custodian of Records of Tepa Mar y Tierra - $40.00 |
|     Custodian of Records Tequila's Private Club - $40.00 |
|     Bertha Ivonne Lucero - $40.00 |
|     Maria Ramos Cardiel - $40.00 |
|     Elena Gomez - $40.00 |
|     Sofia Jackson - $40.00 |
|     Graciela Bello - $40.00 |
|     Nathan Castaneda - $40.00 |
| *Federal Express*: Package sent to Robert Clark (Trial Exhibits) - $45.00, |
| *Federal Express*: Package sent to Judge Reed O'Connor (Trial Exhibits) - $45.00. |
| *Certified Mail*:  Sent to Robert Clark - $6.04 |
| *Robert L. Manteuffel, mileage and parking*: |
|     attending hearing - $22.43, |
|     mileage attending Mediation - $6.10 |
|     mileage and parking – attending hearing - $22.43 |
|     mileage attending Deposition - $8.65 |
|     mileage and parking attending Hearing - $24.43 |
|     mileage attending Deposition after Motion to Compel hearing - $8.65 |
|     mileage attending Settlement Conference - $8.65 |
|     mileage and parking - Trial:   Oct 28, 2013 - $24.43;        Oct. 29, 2013 - $23.09 |

16.    The Costs and expenses claimed include the filing fee and fees for service of process on the Defendants, delivery fees for the delivery of documents, pleadings and exhibits to the Court and opposing counsel before trial, and subpoena and witness fees to secure the appearance of witnesses at trial.  Plaintiff also claims recovery for costs incurred in taking the Defendants' depositions and those of witnesses and the use of in interpreter at some of those

those depositions and trial.   The postage and certified mail charges were incurred in conjunction with serving opposing counsel with pleadings and discovery, and the parking and mileage were incurred in conjunction with the hearing on Plaintiff's Motion to Compel the deposition of Connie Cardiel, the pre-trial conference and trial. The charges for FedEx delivery were associated with providing documents to the court and sending materials to J.H. Zidell in Miami, Florida for use in preparing for the pretrial conference and trial. The charge for copies is associated with making copies of documents for use at trial and for the reproduction of the exhibit books for trial.  The office supplies charge is for notebooks, boxes, paper and dividers for use at trial.

17.    Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." *Hilton v. Exec. Self Storage Assoc* at *16.  There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Id.* citing *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir.2006). "Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under The FLSA as part of an attorneys' fee award." *Id.* citing *Quintanilla v. A & R Demolition Inc.,* No. H-04-1965, 2007 WL 5166849, at *9 (S.D. Tex. May 7, 2007). Costs such as court-reporter fees, copying fees, and docket fees, are similarly compensable under 28 U.S.C. § 1920.12 *Id.*   Consequently the costs plaintiffs claim are all compensable under Rule 54(d) and they should be awarded recovery of those costs. See *Id.*

18.    The undersigned have reviewed all of the attorney fee data and cost receipts claimed herein in good faith and this motion is well grounded in fact.

PRAYER

WHEREFORE, the Plaintiffs respectfully request that the Court award the fees and costs

claimed herein under 29 USC 216(b), 28 USC 1920 and Rule 54(d) for the reasons stated above.


Respectfully submitted,


By: /s/ Robert L. Manteuffel
    Robert L. Manteuffel
    Texas Bar No. 12957529
    E-mail: rlmanteuffel@sbcglobal.net


    And

By:
    J.H. Zidell
    Texas Bar No. 24071840
    Email: zabogado@aol.com

    Attorneys For Plaintiffs

    J.H. Zidell, P.C.
    6310 LBJ Freeway, Ste. 112
    Dallas, Texas 75240
    Tel:   972-233-2264
    Fax:   972-386-7610

## VERIFICATION

On _April 4, 2014_ appeared Robert L. Manteuffel who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

_____
NOTARY PUBLIC/STAMP



ROSA OWENS
Notary Public, State of Texas
My Commission Expires
December 02, 2014

On _4/4/14_ appeared J.H. Zidell who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

_____
NOTARY PUBLIC/STAMP

Aleida Menir
COMMISSION # EE037572
EXPIRES: OCT. 26, 2014
WWW.AARONNOTARY.com

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred by telephone on April 3, 2014 with Mr. Robert M. Clark, counsel for the Defendants and Defendants oppose the relief sought.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 4th day of April, 2014.

/s/ Robert L. Manteuffel
Robert L. Manteuffel
COUNSEL FOR THE PLAINTIFF(S)