IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YEZENIA ALONSO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-1783-O |
| TEPA MAR Y TIERRA, INC. and SOFIA JACKSON, | § § § § | |
| Defendants. | § § § | |

**ORDER**

Before the Court is Plaintiff Yezenia Alonso's Motion for Attorneys' Fees and Costs and Brief and Appendix in Support (ECF Nos. 125-26), filed April 4, 2014. Defendants did not respond to Plaintiff's motion. Having considered the motion, the record, and the applicable law, the Court finds that Plaintiff's Motion should be and is hereby **GRANTED**.

**I.    BACKGROUND**

Plaintiff Yezenia Alonso ("Plaintiff") brought an action pursuant to 29 U.S.C. § 216(b), alleging that her employer Defendant Tepa Mar Y Tierra, Inc. and its owner Defendant Sofia Jackson (collectively, "Defendants") violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). Plaintiff sought double damages and reasonable attorneys' fees, as well as costs of court. *See* Am. Compl. ¶ 25, ECF No. 74. After a jury trial, Plaintiff was awarded her costs of court as calculated by the clerk of the court, damages in the principal sum of $33,945.60, and liquidated damages in the sum of $33,945.60. *See* Jury Verdict 6, ECF No. 115; Order 6, March 7, 2014, ECF No. 122; *see also* Mot. Att'y Fees 1, ECF No. 125. On April 4, 2014, as a prevailing party, Plaintiff

filed the instant motion requesting attorneys' fees and costs and expenses. Defendants failed to respond to the motion.

**II.    LEGAL STANDARD**

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses . . . ." *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 550 (2010). In FLSA cases, however, Section 216(b) states that district courts "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

The Fifth Circuit employs a two-step process when determining an award of attorney's fees. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty.,Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)). The first step is the calculation of the lodestar "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). In evaluating the reasonableness of the number of hours expended, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995) (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 932 (5th Cir. 1990), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990)). Any duplicative, excessive, or inadequately documented time should be excluded from the lodestar calculation. *Jimenez*, 621 F.3d at 379-80. Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). The burden is on the applicant to establish the reasonableness of the award. *See Dodge v. Hunt Petroleum Corp.*, 174 F. Supp. 2d 505, 508 (N.D. Tex. 2001) (Lindsay, J.) (citing

*Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co.*, 50 F.3d at 324; *In re Smith*, 966 F.2d 973, 978 (5th Cir. 1992)).

After calculating the lodestar, the court may adjust the award based on the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Jimenez*, 621 F.3d at 380. To adjust the award, the district court must "articulate and clearly apply the *Johnson* criteria." *See Dodge*, 174 F. Supp. 2d at 508; *see also Jimenez*, 621 F.3d at 380 (quoting *Perdue*, 559 U.S. at 558) (noting district courts must provide "a reasonably specific explanation for all aspects of a fee determination"). Applying these standards, the Court now considers Plaintiff's motion.

### III.  ANALYSIS

Plaintiff requests $96,915.50 in attorneys' fees based on 307.77 hours of work divided among attorneys J.H. Zidell ("Zidell"), Robert Manteuffel ("Manteuffel"), Daniel Field ("Field"), Karl David Kelly ("Kelly"), Jack Siegel ("Siegel"), and legal assistant Rosa Owens ("Owens"). *See* Mot. Att'y Fees 2, ECF No. 125. Plaintiff also requests $12,240.10 in costs and expenses. *Id.*

#### A.  Lodestar Calculator

To calculate the lodestar, the Court multiplies the reasonable number of hours expended and the reasonable hourly rate. *See Jimenez*, 621 F.3d at 379-80; *Dodge*, F. Supp. 2d at 508. The Court begins its analysis by addressing the reasonable number of hours expended.

##### 1.  Reasonable Number of Hours

To calculate the reasonable number of hours expended, the Court must determine whether the total hours claimed are reasonable and whether the particular hours claimed were reasonably expended. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) (citing *La. Power & Light Co.*, 50 F.3d at 324; *Alberti*, 896 F.2d at 933-34). The

3

applicant bears the burden of establishing a reasonable number of hours expended and proving that billing judgment was exercised. *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

Plaintiff contends that her legal team reasonably expended 307.77 hours. *See* Mot. Att'y Fees 2, ECF No. 125. Plaintiff explains that the number of hours was greater due to the language barrier between the attorneys, Plaintiff, and many of the witnesses. *See id.* at 5. Plaintiff also asserts that Defendants "tenaciously" litigated the case and did not seriously engage in settlement negotiations, which resulted in a increased number of billed hours. *See id*.

### a. Billing Judgment

Plaintiff must show the reasonableness of the hours billed, which requires a showing that her attorneys exercised billing judgment. *See Saizan*, 448 F.3d at 799. To establish that billing judgment was exercised, Plaintiff must provide documentation of the hours charged and hours written off as "unproductive, excessive, or redundant." *Id.* (footnote omitted); *see also League of United Latin Am. Citizens*, 119 F.3d at 1232 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)); *see also Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996) (noting burden is on plaintiff to show he exercised billing judgment).

Plaintiff's billing records show that her legal team expended 307.77 hours of billable work, but Plaintiff has not identified non-billable hours or hours written off during the litigation. *See generally* App. Supp. Mot. Att'y Fees Ex. A (Billing Summary), ECF No. 126; *id.* Ex. B (Aff. Owens). A district court may reduce an award based on the moving parties failure to "indicat[e] time written off as excessive or unproductive" in their records. *See Saizan*, 448 F.3d at 800; *see also Walker*, 99 F.3d at 769 n.9 (quoting *Alberti*, 896 F.2d at 930) ("Ideally, billing judgment is reflected

in the fee application, showing not only hours claimed, but also hours written off.") (internal quotation marks omitted); *La. Power & Light Co.*, 50 F.3d at 324 (stating courts "customarily require the applicant to produce contemporaneous billing records or other sufficient documentation"); *Leroy v. City of Hous.*, 831 F.2d 576, 585 n.15 (5th Cir. 1987) (noting plaintiff's billing records were "completely devoid of any hours written off"); *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 865 (S.D. Tex. 2011) (finding plaintiff exercised billing judgment because record showed that attorneys wrote off entries that were redundant). The Court finds that Plaintiff's failure to document hours written off as excessive or unproductive indicates a lack of billing judgment.

While a court should not deny a plaintiff's request for attorneys' fees based on a lack of evidence showing billing judgment, the Fifth Circuit recognizes that a court may reduce the award "by a percentage intended to substitute for the exercise of billing judgment." *See Saizan*, 448 F.3d at 799. Accordingly, the Court finds that a reduction of Plaintiff's total fee award by 20% for a lack of billing judgment is appropriate.

### b.  *Block Billing*

Block billing is a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Humphrey*, 802 F. Supp. 2d at 864 n.23 (quoting *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (Fitzwater, C.J.); *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004) (Lindsay, J.)) (internal quotation marks omitted). Block billing prevents courts from accurately determining the numbers of hours spent on a particular task, thus "impair[ing] the required reasonableness evaluation." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. 3:09-cv-1596-D, 2010 WL 3294248, at *3 (N.D. Tex.

Aug. 20, 2010) (Fitzwater, C.J.) (quoting *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-0913-D, 2005 WL 6789456, at *4 (N.D. Tex. Dec. 20, 2005) (Fitzwater, C.J.), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007)) (internal quotation marks omitted); *see also La. Power & Light Co.*, 50 F.3d at 324 ("[D]ocumentation must be sufficient for the court to verify that the applicant has met its burden."). However, "[a] reduction for block billing is not automatic." *Humphrey*, 802 F. Supp. 2d at 865 (internal quotation marks omitted).

Here, the Court finds that a large number of billing entries made by J.H. Zidell, the lead attorney on this case, include multiple tasks listed within the same entry, instead of itemized entries explaining the amount of time spent on each task.[1] Accordingly, the Court finds it appropriate to reduce Zidell's number of billed hours by 10% for block billing.

### 2. Reasonable Hourly Rate

The Court will next analyze the reasonableness of the hourly rates claimed by Plaintiff. The reasonable hourly rate is determined by the prevailing community standards for attorneys of similar experience in similar cases. *See McClain*, 649 F.3d at 381; *Watkins*, 7 F.3d at 459. The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d

---

[1] *See, e.g.*, App. Supp. Mot. Att'y Fees Ex. A (Billing Summary) at 33, ECF No. 126 (billing 4.20 hours for: "preparation of plaintiff for trial with r.owens, review of Interstate commerce evidence and annual dollar evidence for trial, compare dol invest findings with depositions of defendant, several conferences with associate counsel in re: witness attandance [sic] at trial especially witness cardiel and her employer along with prior business associates of defendant; outline issues and witnesses for trial and confirm exhibits ready for trial, interpretation fee, and schedule client to meet on sunday for final trial preparation of."); *id*. at 31 (billing 3.60 hours for: "meeting #2 with P to continue her preparation of for trial; review witnesses served for trial and verify what happened to witnesses Cardiel and Bello with process server; review products p used and 500k info P witnessed while working for D and go over in detail."); *id.* (billing 4.00 hours for: "construct different calculation for trial based on different hourly rates and estimates of weekly time worked; review DOL report and review caselaw on annual dollar juris limit; several conferences with associate counsel as to witness appearances for trial.")

357, 368 (5th Cir. 2002). Here, the district court sits in Dallas, Texas; therefore, Dallas is the relevant legal community for purposes of determining reasonable hourly rates.

Plaintiff requested a rate of $350.00 per hour for Zidell, $350.00 per hour for Manteuffel, $250.00 per hour for Feld, $300.00 per hour for Kelly, $200.00 per hour for Siegel, and $90.00 per hour for Owens. *See* Mot. Att'y Fees 2, ECF No. 125. The burden is on Plaintiff to produce sufficient evidence that the requested rates are in line with the prevailing rates in Dallas for similar services by attorneys of "reasonably comparable skill, experience and reputation." *See McClain*, 649 F.3d at 381 (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Generally, the reasonable hourly rate is established through affidavits submitted by other attorneys practicing in the community. *Tollett*, 285 F.3d at 368 (citing *Watkins*, 7 F.3d at 458); *see also Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) (noting requested rates were supported by affidavits from attorneys from attorneys' firm and outside attorney). An applicant may also establish reasonableness by directing the district court to fee awards in the same district. *See, e.g.*, *Wheeler v. Mental Health & Mental Retardation Auth. of Harris Cnty.*, 752 F.2d 1063, 1073 (5th Cir. 1985); *Richardson v. Tex-Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex. 2012).

Plaintiff did not provide an affidavit from her own attorneys or outside attorneys to support the requested rates, but Plaintiff directed the Court to similar fee awards from the Dallas Division of the Northern District of Texas to support her claim that the requested rates are reasonable.[2] *See*

---

[2] Plaintiff also provided cases from the Southern District of Florida as support for her requested rates. *See* App. Supp. Mot. Att'y Fees Exs. K-N (Supporting Cases), ECF No. 126. Although the cases cited by Plaintiff from the Southern District of Florida were FLSA cases, "the relevant legal community is the one in which the district court sits . . . ." *See In re Enron Corp. Securities, Derivative & ERISA Litigation*, 586 F. Supp. 2d 732, 754 (S.D. Tex. 2008). The Court, therefore, only looks to cases that awarded similar hourly rates in Dallas, Texas, the relevant legal community.

Mot. Att'y Fees 6, ECF No. 125 (citing cases finding similar hourly rates to the rate requested were reasonable); *see also id.* Exs. E-J (Supporting Cases).

The requested rates must also be in line with fees charged in the community for similar services by attorneys with "reasonably comparable skill, experience, and reputation." *See Hilton v. Executive Self Storage Assocs., Inc.*, No. H-06-2744, 2009 WL 1750121, at *9 (S.D. Tex. June 18, 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)) (noting rates were reasonable because attorneys primarily practiced in labor and employment law at rates consistent with other local labor and employment attorneys with a similar level of experience); *see also Arriaga v. Califco, LLC*, No. 3:12-cv-94-D, 2013 WL 5928852, at *1 (N.D. Tex. Nov. 5, 2013) (Fitzwater, C.J.) (finding in an FLSA case that $350 per hour is a reasonable rate in line with those "customarily charged in this locality for similar legal services"); *Hernandez v. Aleman Const., Inc.*, No. 3:10-cv-2229-BN, 2013 WL 5873289, at *5 (N.D. Tex. Nov. 1, 2013) (Horan, Mag. J.) (finding requested rate reasonable because attorneys were experienced and specialized in FLSA litigation).

Plaintiff asserts that Zidell has been licensed since 1994, Manteuffel has been licensed since 1991, Kelly has been licensed since 1997, and Feld has been licensed since 2007. *See* Mot. Att'y Fees 6, ECF No. 125. Further, all of these attorneys have experience in FLSA litigation. *Id.* Siegel has been an attorney since 2009 and Rosa Owens has worked as a legal assistant on FLSA matters since 2010. *Id.* Plaintiff asserts that "the rates charged by these professionals are fair and reasonable." *Id.* As noted, Defendants failed to submit a response to rebut or controvert Plaintiff's evidence, and there is nothing in the record to contradict Plaintiff's assertion. After engaging in an independent review, the Court finds that the requested hourly rates are reasonable.

       3.    *Johnson* Factors

A court may also adjust an award based on the *Johnson* factors.[3] *See Jimenez*, 621 F.3d at 380. Plaintiff argues that the requested fee award is "buttressed" by the analysis of the *Johnson* factors detailed in Plaintiff's motion. *See* Mot. Att'y Fees 6, ECF No. 125. Specifically, Plaintiff notes that the requested award is supported by (1) the difficulty of the language barrier in this case, (2) the particularized skill required to successfully litigate, and (3) the degree of success obtained. *See id.* 7-8. Plaintiff, however, does not request an upward adjustment to the loadstar figure based on the *Johnson* factors, and there is a "strong presumption that the lodestar figure represents a reasonable attorney's fee." *See Miller v. Prominence Sec. Agency, Inc.*, No. A.H-08-978, 2009 WL 3858394, at *6 (S.D. Tex. Nov. 17, 2009) (citing *R.M. Perez & Assocs. Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992)). After considering the *Johnson* factors, the Court finds that an adjustment is not warranted in the instant action.

**B.**    **Costs**

In FLSA cases, Section 216(b) directs district courts to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Plaintiff provided documentation to show that her legal team expended a total of $12,240.10 in costs in this action. *See* App. Supp. Mot. Att'y Fees Ex. C (Bill of Costs), ECF No. 126. The Court finds that the costs in this case totaled $12,240.10 and awards Plaintiff that amount.

---

[3] The twelve factors are: "(1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co.*, 50 F.3d at 329; *Johnson*, 488 F.2d at 717-19).

### C. Calculation

Based on the analysis provided above, Plaintiff's legal team is entitled to:

| Attorney or Legal Assistant | Adjusted Hours (Reduction %) | Hourly Rate | Adjusted Fee Total |
|---|---|---|---|
| Zidell | 84.87 (10%) | $350.00 | $29,704.50 |
| Manteuffel | 169.72 (0%) | $350.00 | $59,402.00 |
| Feld | 1.2 (0%) | $250.00 | $300.00 |
| Kelley | 1.3 (0%) | $300.00 | $422.50 |
| Siegel | 1.0 (0%) | $200.00 | $200.00 |
| Owens | 40.25 (0%) | $90.00 | $3,622.50 |

                        **TOTAL:    $93,651.50**

Before the reduction for the lack of billing judgment, Plaintiff is entitled to $93,651.50 in attorneys' fees. After the 20% reduction for Plaintiff's failure to exercise billing judgment, Plaintiff is entitled to $74,921.20 in attorneys' fees and $12,240.10 in costs and expenses.

### IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 125) should be and is hereby **GRANTED**. It is therefore **ORDERED** that Plaintiff be awarded **$74,921.20** in attorneys' fees and **$12,240.10** in costs, for a total award of **$87,161.30**.

**SO ORDERED** on this **8th day** of **July, 2014**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**